STATE OF CONNECTICUT *v.* THOMAS A. DAVIDSON
(AC 18085)

Schaller, Spear and Dupont, Js.

Argued November 1, 1999—officially released May 2, 2000

---

*Christopher J. Shea*, with whom, on the brief, was *Dennis M. McManus*, for the appellant (defendant).

*Ellen A. Jawitz*, deputy assistant state's attorney, with whom, on the brief, were *Patricia A. Swords*, state's attorney, and *Anthony Bochicchio*, deputy assistant state's attorney, for the appellee (state).

*Opinion*

SPEAR, J. The defendant, Thomas A. Davidson, appeals from the judgment of conviction, rendered after a conditional plea of nolo contendere, of operating a motor vehicle while his driver's license was under suspension in violation of General Statutes (Rev. to 1995) § 14-215 (c).[1] The defendant claims that (1) his special operator's permit, which allowed him to drive for employment purposes between the hours of 6 a.m. and 6 p.m., precluded a prosecution pursuant to § 14-215 (c) for operating a vehicle at some other time, (2) the

---

[1] General Statutes (Rev. to 1995) § 14-215 (c) provides in relevant part: "Any person who operates any motor vehicle during the period his operator's license or right to operate a motor vehicle in this state is under suspension . . . on account of a violation of subsection (a) of section 14-227a . . . shall be fined not less than five hundred dollars nor more than one thousand dollars and imprisoned not more than one year, thirty consecutive days of which may not be suspended or reduced in any manner."

enactment of General Statutes § 14-37a,[2] which authorizes the commissioner of motor vehicles (commissioner) to issue special operator's permits for employment purposes to persons whose driver's licenses have been suspended, renders § 14-215 (c) both unconstitutionally vague on its face and as applied to him,[3] and (3) prosecuting him for operating a motor vehicle while his license was under suspension violated his constitutional right to procedural due process because he was not afforded a license suspension hearing. We affirm the judgment of the trial court.

The following are the undisputed facts and procedural history of this case. On November 30, 1996, at approximately 11:30 p.m., the defendant was stopped by police at a sobriety checkpoint on Route 195 in the town of Mansfield. After determining that the defendant's license was under suspension for a prior conviction of operating a motor vehicle while under the influence of alcohol in violation of General Statutes § 14-227a,[4] the police officer at the checkpoint issued

[2] General Statutes § 14-37a (a) provides in relevant part: "Any person whose operator's license has been suspended . . . may make application to the Commissioner of Motor Vehicles for a special permit to operate a motor vehicle to and from such person's place of employment or . . . in connection with, and to the extent necessary, to properly perform such person's business or profession."

[3] The defendant claims that the court violated one or both of his rights to due process and equal protection of the laws pursuant to the fifth and fourteenth amendments to the United States constitution, and article first, § 8, of the Connecticut constitution. We review only his federal constitutional claims because he did not separately brief his state constitutional claim. See *Fishbein* v. *Kozlowski*, 252 Conn. 38, 53 n.10, 743 A.2d 1110 (1999).

[4] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property (1) while under the influence of intox-

a motor vehicle summons charging the defendant with operating a motor vehicle while his license was under suspension in violation of § 14-215 (c).

The defendant thereafter moved to dismiss the charge, claiming that his special operator's permit immunized him from criminal prosecution pursuant to § 14-215 (c). The court ultimately denied the motion because the commissioner could not, in effect, immunize holders of work permits from criminal prosecution by granting work permits.[5] The court concluded that "the actions of the commissioner cannot define the limits of the criminal law." The court also rejected the defendant's constitutional claims that he was not provided with fair warning of the penalties for the prohibited act and that his right to due process was violated. The court concluded that the work permit "specifically warns the defendant that '[t]his permit has been issued by the Commissioner of Motor Vehicles . . . and entitles the within named operator, *who is under license suspension*, to operate a motor vehicle only to and from the operator's place of employment or, if the operator is not employed at a fixed location, only in connection with, and to the extent necessary, to properly perform the operator's business or profession.' " (Emphasis in original.) The court concluded that the statute and the warnings contained on the permit were sufficiently clear to warn of the forbidden acts and the penalties associated with those acts "to meet constitutional requirements."

icating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

[5] The court earlier had denied the defendant's motion to dismiss without prejudice because the defendant had not presented any evidence that he in fact had a "work only" permit at the time of his arrest. The defendant thereafter renewed the motion and provided the court with evidence of his work only permit, and the court denied the motion on the merits.

After the court denied the motion to dismiss, the defendant entered a conditional plea of nolo contendere to the charge of violating § 14-215 (c). The court thereafter imposed sentence and this appeal followed.

I

The defendant claims that his special permit to drive between the hours of 6 a.m. and 6 p.m. precluded prosecution for operating a motor vehicle while his license was under suspension in violation of § 14-215 (c) because § 14-37a (d) contains a separately stated penalty for violating the terms of the special permit. That penalty, the defendant argues, is the only one available to the state when the holder of such a special permit operates outside of the times allowed by the permit.[6] The defendant claims that this is so because by including such specific penalties in § 14-37a (d), the legislature necessarily intended to exclude other penalties, such as those set forth in § 14-215 (c).

The defendant conceded at oral argument that this issue was resolved adversely to him in *State* v. *Valinski*, 53 Conn. App. 23, 28–29, 731 A.2d 311, cert. granted on other grounds, 249 Conn. 924, 733 A.2d 847 (1999). In that case, we held that as a matter of statutory construc-

---

[6] General Statutes § 14-37a (d) provides: "Any person issued a special operator's permit pursuant to this section who operates a motor vehicle during the period of the permit for a purpose not authorized by the conditions of the permit shall, upon receipt of written report of a police officer, in such form as the commissioner may prescribe, of such unauthorized operation, be subject to a civil penalty of not more than five hundred dollars. Any person who makes improper use of a special operator's permit issued pursuant to this section or in any manner alters any such permit or who loans or sells such permit for use by another person shall be subject to the penalties provided by section 14-147."

General Statutes § 14-147 is titled, "Improper use of marker, registration or license." Section 14-147 provides penalties ranging from $100 to $300 or thirty days incarceration or both for any person who counterfeits, alters, gives, loans or sells such counterfeited or altered license, or loans or sells any operator's license, or uses any operator's license other than the one issued to him by the commissioner.

tion "[t]he plain meaning of § 14-215 conveys a clear intention to provide the state with the legal authority to prosecute *any* person who operates a motor vehicle outside the scope of the work permit while his or her license is under suspension." (Emphasis in original.) Id., 30–31. *Valinski* controls the defendant's claim and compels us to reject it.[7]

## II

We now turn to the defendant's claim that § 14-215 (c) is unconstitutionally vague.

## A

We first address the defendant's claim that § 14-215 (c) is unconstitutionally vague as applied to him. "Our Supreme Court has recognized that vague statutes fail to give fair warning to persons who may be affected by the statute as to what conduct is prohibited. A statute should be reasonably specific and direct enough so that a person of ordinary intelligence has a reasonable opportunity to govern his or her behavior by reference to the words of the statute together with available judicial gloss. *State* v. *Ryan*, 48 Conn. App. 148, 153, 709 A.2d 21, cert. denied, 244 Conn. 930, 711 A.2d 729, cert. denied, 525 U.S. 876, 119 S. Ct. 179, 142 L. Ed. 2d 146 (1998). Moreover, although [t]he constitutional requirement of definiteness applies more strictly to penal laws than to statutes that exact civil penalties; *State* v. *Erzen*, 29 Conn. App. 591, 594, 617 A.2d 177 (1992); [a] penal statute may survive a vagueness attack solely on a consideration of whether it provides fair warning." (Internal quotation marks omitted.) *State* v. *Tucker*, 50 Conn. App. 506, 510, 718 A.2d 979 (1998), appeal dismissed, 248 Conn. 668, 728 A.2d 1097 (1999).

---

[7] The defendant concedes that *Valinski* controls this issue, but not his constitutional claims.

The crux of the defendant's claim is that the inclusion of penalties in § 14-37a (d) puts a person of ordinary intelligence who obtains a special work permit on notice only of the penalties for violating the permit's conditions and that such a person would not be fairly warned that the penalties in § 14-215 (c) would apply. We disagree.

"Where a statute is attacked as void for vagueness, and no first amendment rights are implicated, the constitutionality of the statute is determined by its applicability to the particular facts at issue." *State* v. *Ryan*, supra, 48 Conn. App. 153. The facts here, which do not involve first amendment issues, defeat the defendant's claim. First, as the trial court noted, the terms of the special permit, printed on the permit itself, notify the defendant that his license is still under suspension. That information alone is sufficient to give the defendant fair warning that driving outside the parameters of the work permit could expose him to the penalties for operating while his operator's permit was under suspension.

"Our Supreme Court has described the principle of fair warning as a principle which mandates that as a matter of due process a penal statute must be sufficiently definite to enable a person to know what conduct he must avoid. . . . [A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law. . . . A determination of fair warning is ascertained in several ways. We review prior case law to determine whether the defendant had fair warning that his acts violated [§ 14-215 (c)] [and we] . . . also look to see whether a person of ordinary intelligence would reasonably know what acts are permitted or prohibited by the use of his common sense and ordinary understanding." (Citations

omitted; internal quotation marks omitted.) *State* v. *Tucker*, supra, 50 Conn. App. 510–11.

Under the circumstances here, a person of reasonable intelligence applying common sense would be on fair notice that operating outside the parameters of the special operator's permit would subject him to prosecution for operating a motor vehicle while his license was under suspension. It defies common sense and reason to assume that the state's allowance of special operator's permits was meant to preclude prosecution pursuant to § 14-215 (c). As the state points out in its brief, this could lead to the absurd result of a party who does not obtain a special operator's permit being subject to mandatory incarceration if convicted of operating a motor vehicle while under suspension whereas the holder of the special permit would be subject only to a $500 civil penalty pursuant to § 14-37a. Further, § 14-37a limits its application to persons "whose operator's license[s] [have] been suspended." By applying for such a permit, the defendant demonstrated that he clearly understood that his license was under suspension. Finally, the defendant is not accused of making an improper use of the special operator's permit, such as altering it or lending it to another person. The penalties for such improper use are, therefore, irrelevant under the circumstances here.

We conclude that § 14-215 (c) is not impermissibly vague as applied to the defendant. The legislature carefully crafted § 14-37a to allow special permits to alleviate the hardship on persons who lose their licenses because of certain motor vehicle convictions. The special permit allows such persons to maintain their employment and nothing in § 14-37a renders § 14-215 (c) impermissibly vague as applied.

B

The defendant's facial vagueness challenge warrants little discussion. "To prevail on a facial vagueness chal-

lenge, the defendant must show that the statute has no core meaning. If at least one application is not vague, the challenge cannot succeed. Additionally, the defendant's burden is made more difficult by the strong presumption favoring the constitutionality of statutes." *State* v. *Ryan*, supra, 48 Conn. App. 152–53. Having failed in his attempt to convince us that the statute is vague as applied to him, the defendant, a fortiori, cannot prevail on his facial vagueness claim.[8]

## III

Finally, the defendant claims for the first time that his constitutional right to procedural due process was violated because he was not afforded a license suspension hearing. We cannot conceive of any reason why the defendant should have been entitled to a hearing on the question of whether his already suspended license should be suspended or why the lack of such a hearing should affect his conviction. Accordingly, the defendant has not been denied any right to procedural due process.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] The defendant claims that the conviction here impermissibly burdens his constitutional right to travel and, therefore, he should be allowed to posit hypothetical situations in which the statute would not give fair warning. We reject this claim because (1) it is inadequately briefed and (2) we fail to comprehend how, in any circumstances, prosecuting a person for operating while his or her license is suspended *impermissibly* burdens the right to travel. To so hold would mean that the state is powerless to prevent a person from operating a motor vehicle on its highways after a conviction of operating while under the influence and a resulting license suspension.